# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
SANDY GINSBERG,      *
                          *     No. 19-222V
           Petitioner,     *     Special Master Christian J. Moran
                          *
v.                          *
                          *     Filed: December 18, 2025
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *
                          *
           Respondent.     *
* * * * * * * * * * * * * * * * * * * *

<u>Amy Senerth</u>, Muller Brazil, Dresher, PA, for petitioner;
<u>Elanor Hanson</u>, United States Dep't of Justice, Washington, DC, for respondent.

**PUBLISHED DECISION ON REMAND
AWARDING ATTORNEYS' COSTS**[1]

       A November 7, 2025 Opinion and Order remanded the case to address one issue, which is the reasonable amount compensation for an expert whom Ms. Ginsberg retained. The evidence supports a finding that $20,592.21 is reasonable. When that figure is added to the undisputed costs, Ms. Ginsberg is awarded **$28,294.63** in attorneys' costs.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I. Relevant Procedural History

Ms. Ginsberg requested an award of her attorneys' fees and costs via a motion, filed Feb. 5, 2025. More specifically, Ms. Ginsberg sought $134,265.95 in attorneys' fees plus $66,265.72 in attorneys' costs for a total of $200,531.67. Most of the requested costs derived from the work that Ms. Ginsberg's expert, Naveed Natanzi, performed.

The Secretary responded. Although a bulk contained the Secretary's stock response deferring to the special master's assessment, the Secretary raised issues regarding Dr. Natanzi. Resp't's Resp., filed Feb. 14, 2025.

Ms. Ginsberg was awarded $152,235.96, representing $128,265.95 in attorneys' fees and $23,970.01 in attorneys' costs. Initial Fees Decision, issued Aug. 8, 2025, 2025 WL 2505773. The Initial Fees Decision reduced the amount requested in attorneys' fees by a relatively small amount ($6,000.00) and reduced the amount requested in attorneys' costs by a larger amount ($42,295.71).

Ms. Ginsberg challenged the reductions by filing a motion for review. With respect to attorneys' fees, the Court rejected Ms. Ginsberg's arguments, leaving the amount awarded in attorneys' fees unchanged. Pursuant to the Court's instruction, the Clerk's Office has issued a judgment awarding Ms. Ginsberg $128,265.95 in attorneys' fees. Thus, attorneys' fees are no longer an issue.

With respect to attorneys' costs, the Court generally found the reductions made in the Initial Fees Decision to be within a special master's authority and not arbitrary. However, the Court found that a reduction in Dr. Natanzi's hourly rate from $600.00 per hour to $500.00 per hour was not adequately explained. Thus, the Court remanded this issue for further development.

As directed by a November 19, 2025 order, the parties filed briefs to address Dr. Natanzi's hourly rate on December 12, 2025. With those submissions, the case is ready for adjudication.

## II. Standards for Adjudication

Ms. Ginsberg is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). A request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

Reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013). The Initial Fee Decision found that the amount of time that Dr. Natanzi proposed (35 hours) was reasonable, although potentially nearing the upper bound of reasonable. Thus, the remaining component of the lodestar formula is the reasonable hourly rate.[2]

To determine the reasonableness of an expert's proposed rate, special masters may consider the "area of expertise; the education and training required to provide necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information provided; [and] the cost of living in the expert's geographic area." Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 206 (2009). Furthermore, "[p]etitioner has the burden of providing the foregoing information concerning expert fees." Id.

### III. Parties' Arguments

In Ms. Ginsberg's February 5, 2025 motion for attorneys' fees and costs, Dr. Natanzi's invoice seeks compensation at a rate of $600.00 per hour. Ms. Ginsberg did not discuss the reasonableness of this proposal in her motion. For example, Ms. Ginsberg did not cite any cases. The Secretary questioned the appropriateness of the proposed hourly rate for Dr. Natanzi. Resp't's Resp., filed Feb. 14, 2025, at 5. The Secretary neither cited any cases nor proposed a specific hourly rate for Dr. Natanzi. Ms. Ginsberg did not reply.

The August 8, 2025 Fee Decision compensated Dr. Natanzi at a rate of $500.00. 2025 WL 2505773. However, the case cited to support this assertion was mistaken. After a motion for review, the Court remanded on this issue.

Both parties submitted additional information. Ms. Ginsberg argued two positions. First, she maintained that the "most instructive decision" is Macaluso v. Sec'y of Health & Hum. Servs., No. 18-614V, 2021 WL 1251105 (Fed. Cl. Spec. Mstr. Feb. 26, 2021). Pet'r's Status Rep., filed Dec. 12, 2025, at 3. In Macaluso, the special master compensated Dr. Natanzi at a rate of $475.00 per hour for work

---

[2] After remand, Ms. Ginsberg sought compensation for the 35 hours previously credited plus an additional 9.5 hours of testimony time in 2023. Pet'r's Status Rep., filed Dec. 12, 2025, at 5. However, the Court already denied Ms. Ginsberg's arguments with respect to Dr. Natanzi's trial time. See Opinion and Order, 2025 WL 3293707, at *6-7. Ms. Ginsberg has presented no argument for disregarding the Court's mandate, which was to determine Dr. Natanzi's hourly rate. Thus, the reasonable number of hours of Dr. Natanzi's work remains 35.

performed in 2019. Using the Bureau of Labor Statistics CPI-U inflation calculator, Ms. Ginsberg stated that an appropriate hourly rate for Dr. Natanzi's hourly for work performed in 2021 is $510.00 per hour and for work performed in 2023 is $579.00 per hour. Alternatively, Ms. Ginsberg relies upon Peka v. Sec'y of Health & Hum. Servs., No. 20-1099V, 2023 WL 9288151 (Fed. Cl. Spec. Mstr. Dec. 20, 2023), to support a rate of $600.00 per hour.

In contrast, the Secretary proposes that a reasonable hourly rate for Dr. Natanzi is $500.00 to $520.00 per hour. Resp't's Status Rep., filed Dec. 12, 2025, at 2-3.

## IV.  Assessment

There is relatively little in-depth analysis of Dr. Natanzi's hourly rate. For example, although Ms. Ginsberg lists six factors a special master might consider, she did not explain how any of those factors affects an analysis of Dr. Natanzi's hourly rate. See Pet'r's Status Rep., filed Dec. 12, 2025, at 2-3. Similarly, few cases contain an exhaustive review of these factors. Nevertheless, there appears to be some common ground.

A starting point is Macaluso, which, as noted above, is the case that Ms. Ginsberg characterizes as "most instructive." Macaluso found a reasonable hourly rate for Dr. Natanzi's work in 2019 to be $475.00 per hour.

It is reasonable to increase Dr. Natanzi's hourly rate to account for inflation. Ms. Ginsberg uses the CPI, which is a reasonable proposal. However, the PPI for General Medical And Surgical Hospitals (industry code 6221) fits more closely with Dr. Natanzi's area of expertise, which is medicine. See Campbell v. Sec'y of Health & Hum. Servs., No. 22-1130V, 2025 WL 3286051 (Fed. Cl. Spec. Mstr. Oct. 24, 2025) (accepting petitioner's proposed rate of increase based upon the PPI for General Medical and Surgical Hospitals). The use of PPI for General Medical And Surgical Hospitals also has the advantage of aligning with the system by which the Office of Special Masters increases hourly rates for attorneys, which is PPI – Offices of Lawyers. Pursuant to the PPI for General Medical And Surgical Hospitals, the amount of $475.00 in 2019 should be increased to $506.00 for 2021 and $535.00 for 2023. The rates of $506.00 for 2021 and $535.00 for 2023 are relatively close to what the parties had proposed in their status reports submitted on December 12, 2025.

This outcome happens to be relatively consistent with other decisions discussing Dr. Natanzi's hourly rates. See, e.g., Delio v. Sec'y of Health & Hum.

4

Servs., No. 18-1001V, 2025 WL 1291593 (Fed. Cl. Spec. Mstr. Apr. 2, 2025) (compensating Dr. Natanzi at a rate of $520.00 per hour for reports written between 2019 and 2022); Brennom v. Sec'y of Health & Hum. Servs., No. 21-0051V, 2025 WL 1144780, at *10 (Fed. Cl. Spec. Mstr. Mar. 19, 2025) (compensating Dr. Natanzi at a rate of $520.00 for work that was apparently performed in 2023); see also Morris v. Sec'y of Health & Hum. Servs., No. 19-1570V, 2025 WL 2442874, at *3 (Fed. Cl. Spec. Mstr. June 30, 2025) (compensating Dr. Natanzi at a rate of $520.00 per hour without specifying when the work was performed).

In this regard, the opinion in Peka v. Sec'y of Health & Hum. Servs., No. 20-1099V, 2023 WL 9288151 (Fed. Cl. Spec. Mstr. Dec. 20, 2023), appears to be an outlier. In Peka, Dr. Natanzi requested compensation at a rate of $520 per hour for his work in 2022 and at a rate of $600.00 per hour for his work in 2023. The special master accepted this increase without explaining why the rate should jump by $80.00 per hour. Id. at *4 n.8. Peka has not been followed. See Robinson v. Sec'y of Health & Hum. Servs., No. 21-32V, 2025 WL 3079218, at *3-4 (Fed. Cl. Spec. Mstr. Oct. 7, 2025) (compensating Dr. Natanzi at a rate of $520.00 per hour without specifying when the work was performed).

The compensation awarded for Dr. Natanzi is therefore as follows:

| Activity | Time | Rate | Subtotal |
|---|---|---|---|
| First Report (2021) | 10.5 | $506.00 | $5,313.00 |
| Second Report (2021) | 6.5 | $506.00 | $3,289.00 |
| Third Report (2021) | 7 | $506.00 | $3,542.00 |
| Prep Time (2023) | 11 | $535.00 | $5,885.00 |
| Travel Expenses (No Dispute) | | | $2,563.21 |
| Total | | | $20,592.21 |

Given that the Initial Fees Decision had awarded compensation for Dr. Natanzi's work and travel in the amount of $16,267.59, this is an increase of $4,324.62.

Because the First Fees Decision had awarded $23,970.01 in attorneys' costs, Ms. Ginsburg is now awarded **$28,294.63** in attorneys' costs.

## V.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$28,294.63** in attorneys' costs to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]  The Clerk of the Court is further directed to provide this decision to the reviewing judge pursuant to Vaccine Rule 28.1(a).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.